Kevin S. PATTERSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–11501.

Court of Appeals of Alaska.

April 11, 2014.

Rehearing Denied April 28, 2014.

Doug Miller, The Law Office of Douglas S. Miller, Anchorage, for the Appellant.

Marika Athens, Assistant Attorney General, (briefing) and Adam Alexander, Assistant Attorney General, (oral argument), Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and HANLEY, District Court Judge.*

*OPINION*

Judge ALLARD.

Kevin S. Patterson is required to register as a sex offender for life and to file quarterly written verifications with the Department of Public Safety. After he failed to disclose all the email addresses he used in his April 2009 quarterly verification, he was convicted of second-degree failure to register as a sex offender for "knowingly fail[ing] to supply accurate and complete information" in his quarterly verification.[1]

Patterson appeals his conviction, arguing that he was not required to disclose all of his email addresses because the legal requirement to do so did not arise until after he had filed his initial registration. Patterson as-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

1. AS 11.56.840(a)(3)(C)-(D). We note that at the time Patterson committed his offense, the numbering of this subsection was different, though the substance was the same. For purposes of clarity we use the current statutory numbering scheme in this decision. See ch. 42 § 1, SLA 2008.

serts that he complied with his statutory duty to disclose the email addresses that he had "established" or "changed" since his last quarterly verification and that he was under no statutory obligation to disclose the email address he created in 2006, prior to the enactment of the email disclosure requirements.

For the reasons discussed below, we reject Patterson's interpretation of the sex offender registration statute and affirm Patterson's conviction.

*Facts and proceedings*

Patterson was convicted in Minnesota of felony possession of child pornography and child endangerment. Since 2007, he has been required under an interstate compact to register as a sex offender in Alaska. Because Patterson has been convicted of two or more sex offenses, his duty to register continues for life, and he must file quarterly verifications with the Department of Public Safety.[2] Since January 1, 2009, this duty to file quarterly verifications has included the duty to disclose email addresses.[3]

On April 14, 2009, Patterson's probation officer reported to the Alaska State Troopers that she suspected Patterson was using his computer in a manner that violated the conditions of his probation. In the course of the troopers' investigation, they learned that Patterson had email addresses he had not disclosed in his January 30, 2009 and April 29, 2009 quarterly verifications. In those verifications, Patterson had disclosed only his school email address, which his probation officer had given him permission to use. Patterson was consequently charged under AS 11.56.840 with one count of second-degree failure to register as a sex offender for failing to disclose all of his email addresses.[4]

Patterson moved to suppress the evidence and to dismiss the charge, arguing that AS 11.56.840 did not require him to report *all* of his email addresses in each written verification, only the email addresses he had recently "established" or "changed." Patterson

asserted that he had established the email addresses he was charged with failing to disclose before the email disclosure requirement went into effect. Patterson additionally argued that, to the extent the statute did require him to disclose *all* of his email addresses, it violated his due process rights, because the statute did not give him sufficient notice of this requirement.

District Court Judge Sharon Illsley denied the motion to dismiss. The court read AS 11.56.840 to require individuals like Patterson (*i.e.*, people who had initially registered as sex offenders before the email disclosure requirement went into effect on January 1, 2009) to disclose all of their email addresses in their annual or quarterly verifications filed after January 1, 2009. With respect to Patterson's due process claim, the court ruled that the verification forms issued to sex offenders by the Department of Public Safety gave Patterson adequate notice that he was required to disclose all of his active email addresses. Judge Illsley also noted that Patterson was "obviously aware" of this duty because, in his April 2009 verification, he disclosed a school email address he had established in 2008, prior to the enactment of the email disclosure requirement.

At the jury trial that followed, Patterson's defense was that he was not aware that he had to disclose email addresses that had been "established for some time." The jury rejected that defense and convicted Patterson. He appeals.

*Why we conclude Patterson was required to disclose all the email addresses he used regardless of when they were first established*

On appeal, Patterson abandons his claim that he had inadequate notice that he was required to disclose all of his email addresses. He raises only one claim: that his conduct was not criminal because AS 11.56.840 only required him to disclose newly established email addresses or changes to existing addresses.

2. AS 12.63.020(a)(1)(B); AS 12.63.010(d)(2).

3. AS 12.63.010(b)(1)(I), (c), (d) (enacted by ch. 42, §§ 1, 7, SLA 2008) (effective Jan. 1, 2009).

4. AS 11.56.840(a)(3)(B).

The email registration requirements for sex offenders are laid out in AS 12.63.010. Under AS 12.63.010(b), sex offenders who file their *initial* registration (a one-time duty), must provide "each electronic mail address, instant messaging address, and other Internet communication identifier used by the ... offender."[5] The statute also requires sex offenders to notify the Department of Public Safety within one working day if the offender later "establishes or changes an electronic mail address, instant messaging address, or other Internet communication identifier."[6] Finally, the statute requires sex offenders who are required to file annual or quarterly written verifications to report, "in the manner required by the department ... any changes to the information previously provided [in the sex offender's initial registration]."[7]

A companion statute, AS 11.56.840, makes the failure to comply with these registration, notification, and verification requirements a criminal offense. Under AS 11.56.840(a), a person is guilty of second-degree failure to register as a sex offender if the person is required to register under AS 12.63.010, knows of that requirement, and fails to:

(A) register;

(B) file written notice of

(i) change of residence;

(ii) change of mailing address;

(iii) establishment of an electronic or messaging address or any change to an electronic or messaging address; or

(iv) establishment of an Internet communication identifier or any change to an Internet communication identifier;

(C) file the annual or quarterly written verification; or

(D) supply accurate and complete information required [to be in compliance with these registration requirements].[8]

Patterson acknowledges that these provisions of law apply to him, but he argues that none of these provisions requires sex offenders in his situation (*i.e.,* sex offenders whose initial registration occurred prior to January 1, 2009, the effective date of the email disclosure requirements) to make an initial disclosure of "each electronic mail address, instant messaging address, and other Internet communication identifier used by the ... offender."[9] Patterson argues that the only duty faced by offenders in his situation is the continuing duty to "update" the Department with newly established email addresses or changes to existing addresses.[10]

This argument ignores the uncodified portion of the 2008 session law that created the email disclosure requirements. In that session law, the Alaska Legislature specifically addressed how these requirements applied to offenders like Patterson who filed their initial registration prior to the January 1, 2009 change in law. This uncodified portion of the session law provides in pertinent part:

APPLICABILITY.

. . . .

(c) ... a sex offender or child kidnapper whose duty to register as a sex offender or child kidnapper arose:

(1) on or before December 31, 2008, does not have to initially report electronic or messaging addresses or Internet communication identifiers to the Department of Public Safety until the date that the sex offender or child kidnapper's next annual, or quarterly if applicable, written verification is due.[11]

As this section makes clear, convicted sex offenders like Patterson who filed their initial registration on or before December 31, 2008, still must comply with the requirement to report *all* of their email addresses. But for these offenders, this duty did not go into effect until their first annual or quarterly

---

5. AS 12.63.010(b)(1)(I).

6. AS 12.63.010(c).

7. AS 12.63.010(d)(1)-(2).

8. AS 11.56.840(a)(3)(A)-(D).

9. AS 12.63.010(b)(1)(I).

10. AS 11.56.840(a)(3)(B), (D).

11. Ch. 42, § 6, SLA 2008. The text of this uncodified session law is also found in the "Editor's Notes" following AS 12.63.010 in the annotated statutes published by the Alaska Legislative Council.

verification came due after the effective date of the January 1, 2009 email disclosure requirement.

The uncodified portion of the session law also made clear that once these offenders complied with their initial disclosure requirement and reported all the email addresses they used (regardless of when those email addresses were established), these offenders had a continuing duty to report any newly established email addresses or changes to existing email addresses:

> after the initial report of addresses and identifiers is due, the sex offender or child kidnapper shall report the establishment of an electronic or messaging address, or any changes to those addresses, or the establishment of an Internet messaging address, or any changes to those addresses, or the establishment of an Internet communication identifier, or any change to an identifier, as required by AS 11.56.840 and AS 12.63.010.[12]

Thus, contrary to Patterson's argument, sex offenders who registered prior to January 1, 2009, were not entitled to keep the email addresses they created before that date secret. Instead, like all other sex offenders, they were required to provide an initial disclosure of all the email addresses they used, and then to keep that list current and up-to-date.

At oral argument, Patterson argued that he could not be convicted of a crime for violating an uncodified provision of a session law. Because this argument was raised for the first time at oral argument, the parties have not briefed this question.

We note that AS 11.81.220 declares that "[n]o conduct constitutes an offense unless it is made an offense (1) by [a provision of] this title; [or] (2) by a statute outside this title; or (3) by a regulation authorized by and lawfully adopted under a statute." It is unclear whether uncodified provisions of a session law qualify as "statutes" for purposes of AS 11.81.220. But even assuming they do

not, the fact remains that Patterson was not prosecuted for violating an uncodified portion of the session law. Rather, he was prosecuted for violating AS 11.56.840(a)(3)(C) and (D)—the statutory provisions that make it a crime for sex offenders to fail to "supply accurate and complete information required to be submitted" in their annual or quarterly written verification. The uncodified portion of the session law is relevant to Patterson's case only because it clarifies when and how he was required to provide his initial disclosures.

We agree that the uncodified nature of this portion of the session law could potentially create due process concerns. But we note that Patterson is no longer claiming that he did not have proper notice of these reporting requirements. Nor do we believe that he would prevail on such a claim, given that his quarterly verification form, on its face, required him to disclose *all* of his email addresses. Indeed, Patterson demonstrated that he understood the form was not just asking for "newly established" email addresses because he *did* disclose a different pre-existing email address (one that he established in 2008) in his 2009 quarterly verification. We therefore conclude that any notice concerns raised by the lack of codification do not exist here.

For these reasons, we reject Patterson's argument that he had no legal duty to disclose his pre-existing email addresses, and we uphold the district court's decision to deny Patterson's motion to dismiss.

*Conclusion*

The district court's judgment is AF-FIRMED.

---

12. *Id.*